### BURT v. DEORSAM et ux. (No. 6275.)

(Court of Civil Appeals of Texas. Austin. Dec. 22, 1920. Rehearing Denied March 16, 1921.)

1. **Lis pendens** &#9901;13—**Not effective against assignee under assignment before suit.**

Under Rev. St. 1911, art. 7758, making a judgment for recovery of real estate conclusive against all persons claiming under a party by title arising after the commencement of the action, a judgment against a lessee canceling a mineral lease is not conclusive against an assignee of the lease who procured his assignment before the suit was begun, so that the lis pendens notice filed therein did not affect him.

2. **Mines and minerals** &#9901;58—**Lease given for agent's unauthorized promise to sink well held void.**

A lease whose sole consideration was the promise of lessee's agent that a well should be sunk on the premises within a year was void, the promise not being binding on lessee, and no well having been sunk.

3. **Evidence** &#9901;419(9)—**Parol testimony inadmissible to show consideration for lease was promise to sink well.**

Where a mineral lease contained a promise by lessee which was sufficient consideration for the lease though the stated money consideration was never paid, parol evidence is not admissible to show that the consideration was an oral agreement by the lessee's agent.

4. **Mines and minerals** &#9901;78(7)—**Evidence held not to show promise to drill well.**

Testimony merely that lessee's agent told lessor he would give him a contract to drill a well and would give a contract like a neighbor's, which did not require the drilling of the well, *held* not sufficient to show that the consideration for the lease which, as executed by lessor

---

&#9901;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

did not contain that promise, was the promise to drill the well.

**5. Mines and minerals ⬉⟶78(2) — Failure to drill well held not to work forfeiture of lease supported by other consideration than promise to drill.**

Where a lease requiring lessee to drill a well within a year or to make specified payments to renew the lease was supported by a valuable consideration other than the promise, to drill, failure of lessee to drill the well within a year would not constitute ground for canceling the lease; there being no agreement that it should work a forfeiture thereof.

**6. Mines and minerals ⬉⟶58—Agreement to drill well if flowing well was drilled on adjacent premises sufficient consideration for lease.**

A provision in a lease that the lessee would drill a well on the premises, if a well was drilled within 200 feet of any boundary thereof which produced a stipulated quantity of oil per day for 30 days, is sufficient consideration to uphold the lease.

**7. Contracts ⬉⟶50—Conditional promise which is detriment to promisor or benefit to promisee is consideration.**

A promise to do or not to do something which would be a detriment to the promisor or a benefit to the promisee is a sufficient consideration to support the contract, even though its performance was dependent upon a condition contemplated by the parties which might reasonably occur, though it had not yet occurred.

On Motion for Rehearing.

**8. Contracts ⬉⟶75(1)—Promise to perform legal obligation not consideration.**

A promise to do some act which the promisor is otherwise legally obliged to do is not a sufficient consideration to support a contract.

**9. Mines and minerals ⬉⟶58—Express promise to drill under conditions that might not raise implied promise is consideration.**

Though there is an implied agreement by an oil lessee to drill on the premises if oil in paying quantities is struck on adjacent premises, an express promise to drill if a well producing specified quantities of oil was drilled within a certain distance of the premises may require drilling under conditions which would not raise the implied promise to drill, and is therefore sufficient consideration to support the lease.

**10. Mines and minerals ⬉⟶75—Refusal of tender of rentals discharges duty to make future tenders.**

Where a tender of rentals required to renew a lease for six months was refused by lessor, lessee is thereby excused from making further tenders, though he is not relieved of liability therefor in case the lease is held valid.

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Suit by H. C. Burt against J. W. Deorsam and wife. Judgment for defendants, and

plaintiff appeals. Reversed and rendered for plaintiff.

Critz & Woodward, of Coleman, for appellant.

McClellan & McClellan, of Gatesville, for appellees.

Findings of Fact.

JENKINS, J. June 17, 1918, appellees executed to C. P. Hall a mineral lease, which provided that if operations were not begun within one year the same should terminate as to both parties, unless the lessee, on or before said date, should pay or tender to the First State Bank of Copperas Cove, for the lessors, the sum of five cents per acre, in which event the lease should be extended for six months, with a like option to extend such lease from time to time for six months' periods, for the term of five years. The lease recited a money consideration of $10, but no money consideration was paid. The lease further provided as follows:

"If during the period of this lease or the extensions of the time limit for drilling, and within five years from the date last above set forth and prior to the discovery of oil or gas on said leased land, there shall be drilled on adjacent land and within 200 feet of any line of said leased land, a well producing as much as 50 barrels of oil per day for thirty consecutive days, the lessee will, with reasonable diligence, begin and prosecute the drilling of a well on said leased land in a faithful effort to find and produce oil in paying quantities."

Hall, for a valuable consideration, assigned his lease to appellant, on March 20, 1919, which assignment was filed for record in Coryell county January 3, 1920.

The five cents per acre was paid to the bank before the expiration of twelve months from the date of the lease, and a like amount was tendered the bank before the expiration of six months from that date, but was, by instruction from appellees, refused.

No well was ever begun on the land described in the lease, and none has been begun on land adjacent thereto.

On April 23, 1919, appellees filed suit in the district court of Coryell county against Hall, to cancel said lease, lis pendens notice of which was filed on same day. Hall filed a disclaimer, and judgment was rendered against him July 15, 1919, canceling said lease. At the time of the institution of said suit (No. 3514), appellees did not know that Hall had assigned his lease to appellant. Appellant had no notice of the pendency of said suit, nor the judgment therein, until this suit was filed.

Appellees, in their answer herein, alleged that the lease was obtained upon the fraudulent misrepresentations of one Bert Hoover,

the agent of Hall, who obtained the lease; that there was no money consideration for the lease; that the real and only consideration for the lease was the promise to bore a well on the land within one year from the date of the lease, which consideration had failed.

The court found against the allegation of fraud, and we approve such finding.

Appellees further plead res adjudicata, by reason of the judgment against Hall above referred to.

The case was tried before the court without a jury. Judgment was rendered canceling the lease. The court filed conclusions of law and fact.

### Opinion.

[1] Upon the facts above stated, the court sustained the plea of res adjudicata. This was error. It is a general rule of law that a judgment is binding only as to parties thereto and their privies. "Privies," in so far as applicable to the facts of this case, mean those who have purchased from a party to the suit after the same was begun. R. S. art. 7758; Abstract Co. v. McCormac, 184 S. W. 1089; Lamar County v. Talley, 127 S. W. 276; Village Mills v. Oil Co., 186 S. W. 790; Stout v. Taul, 71 Tex. 444, 9 S. W. 329. Appellant purchased the lease from Hall prior to the institution of the suit against Hall. The lis pendens notice filed in said cause did not affect him. Burke-Simmons Co. v. Konz, 178 S. W. 587.

[2] The court found that the consideration for the lease was the promise of Hall, through his agent, Hoover, to sink a well on the land within twelve months; that no money consideration having been paid for the lease, and such promise not being legally binding upon Hall, and no well having been sunk, the lease was void. Had these facts been established by legal testimony, the trial court's conclusion thereon would have been correct. Hitson v. Gilman, 220 S. W. 140; Oil Co. v. Teel, 95 Tex. 586, 68 S. W. 979.

[3] However, we think the appellant's objection to such testimony should have been sustained, for the reason that the same was an attempt to vary the terms of a written instrument, by proof of a contemporaneous verbal agreement. In the absence of fraud, accident, or mutual mistake, this is not permissible. This proposition is so well established that citation of authorities in support of same is unnecessary. In Jackson v. Oil Co., 217 S. W. 961, this doctrine was applied to an oil lease.

[4] The evidence as to such promise, even had it been admissible, does not sustain the finding of the trial court on this issue. Hoover denied making any agreement other than that shown by the lease. The only evidence in support of this finding is the testimony of appellee J. W. Deorsam, who testified, in substance:

"Hoover told me that he would give me a contract to drill on my land in twelve months; that he had secured a lease from Mr. Stewart (appellee's neighbor) and that he would begin to drill on Stewart's land in twelve months. I told him to fix my contract just like Stewart's. He sat down and fixed it just like Stewart's."

Stewart's contract did not require drilling to begin in twelve months. Hoover did not tell appellee that he had put such a clause in his contract. Appellee could read. It does not appear that he did not read the contract which he and his wife signed. It was not acknowledged at that time. A notary came to appellee's house afterwards, and took his and his wife's acknowledgments. The wife's acknowledgment was in statutory form for the separate acknowledgment of a married woman, showing that the instrument was fully explained to her.

[5] The finding of fact by the court was that Hoover promised appellee that he would begin drilling a well on his land in twelve months, and that this was the only consideration for the lease. If the lease was executed upon a valuable consideration, other than such promise, failure to keep the same would not constitute ground for canceling the lease; there being no agreement that failure to drill a well should work a forfeiture of the lease.

[6] We hold that the promise on the part of Hall, embodied in the contract that he would drill a well on the leased premises, if a well was drilled on adjacent land, as set out in the findings of fact, supra, was a sufficient consideration to support the lease. It is true that such promise on the part of Hall was contingent upon an event which has not occurred, but it is one which might reasonably occur, and was so contemplated by the parties; and if it had occurred, or if it should occur before the expiration of the lease, it would place the lessee, and his assignee, appellant herein, under legal obligation to expend a large amount of money on the premises described in the lease.

[7] It is elementary that a promise to do or not to do something which would work a detriment to the promisor, or a benefit to the promisee, is a sufficient consideration to support a contract. That a promise is dependent upon a condition does not affect its validity, if it was a condition contemplated by the parties and which might reasonably occur. 9 Cyc. 327, and authorities there cited, among which is Rose v. Ry. Co., 31 Tex. 49. Nor does it matter that the occasion for the fulfillment of the promise has not yet arisen. It is the promise, binding in law, and not in its fulfillment, which constitutes the consideration. 6 R. C. L. 677.

Appellant paid a valuable consideration for the assignment of the lease to him by Hall, without notice that the lessors for any reason denied the validity of the lease. His

contention is that he is entitled to the protection accorded by law to an innocent purchaser.

In Hitson v. Gilman, 220 S. W. 145, the court quotes with approval from Oil Co. v. Teel, supra, as follows:

" 'It appears very clear from the authorities that the protection given to purchasers for valuable consideration without notice extends only to cases where they have taken a conveyance, or, in other words, where they have purchased the legal title,' * * * and further said:

" 'But where the purchase is only of the equitable, it is taken with all its imperfections and equities, notwithstanding a valuable consideration may have been given and there may have been no notice of the equity or defense against the title. * * * When it is asserted that a purchaser for a valuable consideration takes the title free of every trust or equity of which he has no notice, it is intended of the purchase of a title perfect on its face; for every purchaser of an imperfect title takes it with all its imperfections on its head. It is his own fault that he confides in a title which appears defective, and he does so at his peril.' "

The imperfection in the lease in the Teel Case was there was no mutuality in the promise as contained in the contract. In the Hitson Case, the lessee did not bind himself to do anything. The promise was that he would drill a well on the premises in six months, or pay a rental of 25 cents per acre, or the lease would be automatically forfeited. No valuable consideration having been paid at the time of the execution of the lease, such promise, which did not bind the lessor to do anything, was not a valuable consideration, and would not support the lease. The subsequent payment of rentals under such contract would not relate back to the execution thereof as a valid consideration, and would not estop the lessor to deny the validity of the lease. The only effect of the payment of such rentals would be to extend the time under which operations could be begun. Hitson v. Gilman, supra.

This doctrine, however, is not applicable to the instant case, for the reason that the obligation on the part of the lessee was, as hereinbefore stated, a valid consideration for the execution of the lease. The instrument here under consideration contains the following clause:

"Subject to the royalties hereinafter mentioned, there is hereby granted and conveyed to said lessee all of the oil, gas and sulphur in or under said land."

It is the contention of appellant that this instrument is both a lease and a conveyance; that it conveys the minerals mentioned, and leases the land for the purpose of mining the same, and that, as a conveyance of mineral in place is a conveyance of an interest in land, appellant is protected as an innocent purchaser, notwithstanding the matters alleged and proven may have been sufficient to avoid the contract as between appellees and Hall. The conclusion which we have reached upon other issues in this case renders it unnecessary for us to pass upon this issue.

For the reasons stated, the judgment of the trial court is reversed and judgment is here rendered for appellant.

Reversed and rendered.

### On Motion for Rehearing.

Our opinion on the motion for rehearing contains some dicta as to matters not involved in the facts of this case. We withdraw what we said concerning such matters, but in all other respects reaffirm what we said in our opinion on motion for rehearing, as follows:

Appellees insist that we erred in holding that the agreement by appellant to drill a well, under the conditions stipulated in the lease, as set out in our findings of fact herein, was a valuable consideration for such lease, for the reason that a promise to do a thing which the promisor is already under legal obligation to do does not constitute a valuable consideration.

[8] This is a sound proposition of law. On the other hand, it is equally as well settled that a promise to do something that the promisor was not legally bound to do, or to refrain from doing something that he had a legal right to do, is a sufficient consideration to support a contract.

[9] This brings us to the consideration of the question: Would the lessee have been legally bound to do what he agreed to do in reference to an offset well, if the stipulation in reference thereto had been omitted from the lease? When the thing impliedly to be done is of uncertain nature, an express agreement in reference to same will exclude an implied covenant to do something else, though it may be that subsequent events may show that such other thing is reasonable. "Where the parties have expressly agreed on what shall be done, there is no room for implication for anything not so stipulated for." 18 R. C. L. 1213. On the other hand, when a party has expressly promised to do a thing, he will not be relieved from performance by showing that such performance would work a hardship on him.

What would the law imply that a lessee in an oil lease should do to protect the leased premises from drainage by wells on adjacent lands? That which would be reasonably necessary. What would be reasonably necessary would depend upon the circumstances of each case as the future might show. Must the well on the adjoining premises be in 100 feet of the leased premises, or in 500 feet? Is such well 200 feet or 500 feet deep? Does it produce 3 barrels per day or 30,000 barrels? Is the oil of high grade or low grade? Is the

market value of oil 10 cents per barrel, as it has been in this state, or $3.50 per barrel as high grade oil now 'is? Certainly the lessee would not be under an implied obligation to protect the leased premises by an offset well, unless it reasonably appeared that the stratum in which oil was found on the adjoining premises would produce oil in paying quantities. Any or all of the facts referred to would be proper for the consideration of a jury, in determining the ultimate fact as to whether the oil-bearing stratum was capable of producing oil in paying quantities.

The parties to the lease contract here under consideration have foreclosed all inquiry as to those matters by expressly stipulating what kind of a well on adjacent land and where located would place the lessee under legal obligation to drill on the leased premises. We cannot say as a matter of law that the lessee would have been bound to do what he covenanted to do, under the circumstances mentioned. Having covenanted to do what he may not under an implied covenant have been legally bound to do, in the absence of such covenant, the same is a sufficient consideration to support the lease, independent of the recited cash consideration, which was not paid.

The cases of Aycock v. Oil Co., 210 S. W. 848, and Guffey v. Oliver, 79 S. W. 884, are not applicable to the facts of this case.

[10] The payment of the rental before the expiration of one year from the date of the lease extended the option for six months. The appellant having seasonably tendered the next rental, and the same having been refused by appellees, he was thereby released from continuing to tender the rentals. However, as we hold the lease to be valid, this does not release him from the payment of all rentals due to this date.

We reverse and render judgment for appellant with reference to conditions as shown to exist at the time of the trial hereof, without prejudice to the rights of appellees under conditions which may hereafter exist.

Motion overruled.