## SPRUILL et ux. v. LONE STAR GAS, CO.
## (No. 1499.)

(Court of Civil Appeals of Texas. El Paso.
June 7, 1923. Rehearing Denied
June 28, 1923.)

**Mines and minerals ⊚⟞78(1)—Tender of lien rentals held sufficient to keep lease alive.**

Where an oil and gas lease required in lien drilling annual rental payments to keep the lease alive to be made by check to the lessor at a designated post office, unless written notice is given the lessee 40 days before the same is due of conveyance of the land, the mailing of the checks by the lessee to the designated address and payment of the amount into court after the checks were returned and suit to cancel the lease instituted was a sufficient tender to keep the lease alive.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by C. E. Spruill and wife against the Lone Star Gas Company to cancel an oil and gas lease. Judgment for defendant, and plaintiffs appeal. Affirmed.

Burkett, Orr & McCarty, of Eastland, for appellants.

Karl F. Griffith, of Dallas, and Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellee.

HARPER, C. J. This action was instituted by appellants against appellee to cancel an oil and gas lease to lands described in petition in form of trespass to try title.

Tried by the court without jury, and judgment entered for defendants quieting its title.

The facts are undisputed:

That H. A. Collins and wife, being the owners of the land, November, 1916, executed an oil and gas lease to Lone Star Gas Company for the period of 10 years. It provided for beginning a well within one year, or to keep the lease alive to pay $97.50 on or before the beginning of each period of 12 months; all payments to be made by check payable to H. A. Collins, at Eastland post office, unless grantors give written notice to grantee, 40 days before same is due, of conveyance of the land.

In June, 1917, Collins and wife sold to the plaintiff, who thereafter brought suit to cancel the lease. During the pendency of said suit the rentals for the years 1919 and 1920 were tendered by check and checks returned to defendant, and thereafter the money was paid into the registry of the court. The then clerk went out of office without leaving the money with his successor. That case was dismissed in January, 1922. This suit was filed January 11, 1922,

A check was received by the plaintiff for the payment due in 1921, not cashed because the payments for 1919 and 1920 had not been received by plaintiff, and tendered same into the court upon the trial of this case.

The question for our determination, then, is: Was the mailing of the checks for the amounts due to plaintiff and his refusal to cash by returning them a sufficient tender to keep the lease alive? We think so. Burt v. Deorsam et ux. (Tex. Civ. App.) 227 S. W. 354.

Affirmed.