**Alton COATS et al., Appellants,**

**v.**

**John C. BROWN et al., Appellees.**

**No. 6943.**

Court of Civil Appeals of Texas.

Texarkana.

April 18, 1957.

Conan Cantwell, J. Howard Lennon, Dallas, for appellants.

Will Mann Richardson, Tyler, for appellees.

FANNING, Justice.

This suit was brought by John C. Brown and Robert G. Brown, as plaintiffs, against Alton Coats and Olin Gas Transmission Corporation and W. Thomas Bolton, as defendants. Plaintiffs based their suit on an oil and gas lease made by plaintiffs, as lessors, now owned by the defendants, seeking damages caused by the failure and refusal of defendants to comply with an alleged obligation under such lease to explore and develop the minerals underlying the lands covered by the lease and further seeking a decree that the defendants either begin immediate development of the land covered by this lease or upon their failure to begin immediate development they be held to have forfeited their rights to said lease, or in the alternative, that the defendants be required to specifically perform their alleged obligation to reasonably explore and develop the lands covered by the lease by beginning an immediate development program. The case was tried before the court without a jury. Judgment was rendered for the plaintiffs, whereby the defendants were ordered to begin the drilling of a well upon the lands covered by said lease in search of oil and gas within 40 days from the 1st day of August, 1956, and upon their failure to comply with the court's decree the defendants shall be held to have forfeited and abandoned any right they might have under said lease, and said lease shall be declared null and void. All other relief sought by the plaintiffs was denied, from which judgment the defendants, Alton Coats and Oil Gas Transmission Corporation have appealed.

Appellants on appeal by appropriate points contend to the effect that the controlling provisions of the oil lease in question in connection with certain undisputed facts in the record hereinafter noted entitle them to a reversal and rendition in their favor of the judgment appealed from.

Appellants also present other points attacking the findings of the trial court, the admissibility in evidence of the opinion testimony of appellees' witness Echols, the admissibility in evidence of a transcript of a hearing before the Railroad Commission of Texas relating to certain matters, and presenting other points wherein appellants would in the alternative seek a reversal and remand of the case.

Appellees contend that the evidence in question was admissible, that it supported a conclusion that a well on appellees' land would be productive of oil and gas in paying quantities, that a failure by appellants to drill such a well was unreasonable and arbitrary, and that the trial court correctly held that the provision of a delay rental in a lease is for exploration and does not apply where destruction of the lessors' interest through production of other wells was threatened. Appellees also contend that the provisions in the lease for offset wells and making the judgment of the lease conclusive when not fraudulently exercised did not permit or excuse unreasonable and arbitrary failure of the lessee to drill, and that such failure to drill was arbitrary, and unreasonable because the evidence was undisputed that the reservoir in question was a solution gas drive reservoir and that the present wells could so reduce the pressure in the field that appellees' minerals would be forever locked in the reservoir and that appellees' minerals were in danger of total destruction by the arbitrary and unreasonable failure of appellants to drill. Appellees have also presented counterpoints to all of appellants' various points.

We have carefully reviewed the record in this cause and have reached the conclusion that, by reason of the controlling provisions in the lease in question when considered with certain pertinent undisputed facts in this record hereinafter particularly noted, the judgment of the trial court was erroneous, and should be reversed and that judgment should be rendered here in favor of appellants.

Appellees, John C. Brown and Robert G. Brown, brought this suit against Alton Coats and Olin Gas Transmission Corporation, the appellants, and W. Thomas Bolton alleging themselves to be the owners of the mineral estate underlying Units 47, 48 and 49 of the Government Sabine Farms, subdivision of Panola County, Texas, which lands aggregate 462.43 acres, subject to an oil and gas lease executed on the 19th day of January, 1952, between themselves, as lessors, and W. Thomas Bolton, as lessee, which lease was assigned to the appellants, Alton Coats and Olin Gas Transmission Corporation, who are the present owners of said lease subject to an overriding royalty retained by W. Thomas Bolton.

Appellees complained that two wells had been drilled on the adjoining lands, one being situated approximately 1,800 feet south of the south line of the leased premises and another located approximately 1,400 feet northeast of the northeast corner of said land, and that a reasonably prudent operator would therefore have begun the drilling of an exploratory well upon appellees' lands. That the appellant, Alton Coats, the operator, has failed to drill even the first or exploratory well on appellees' lands which are still undrilled and untested and by reason of such failure to drill an exploratory well appellees sought damages for loss of royalties, specific performance and, in the alternative, a decree ordering the appellants to drill a well on appellees' land or be held to have forfeited all their rights under said lease.

The following facts are undisputed: The primary term of the lease in question was 10 years from January 19, 1952. The lease granted the lessee the privilege of deferring commencement of drilling operations during the primary term by paying annual delay rentals, which lease provisions reads as follows:

"If operations for drilling or mining are not commenced on said land or on land pooled therewith on or before one (1) year from this date, this lease shall terminate as to both parties, unless on or before one (1) year from this date lessee shall pay or tender to the lessor a rental of Four Hundred Sixty-three Dollars ($463.00), *which shall cover the privilege of deferring commencement of such operations for a period of 12 months.* In like manner and upon like payment or tender, annually, the commencement of said operations may be further deferred for successive periods of the same number of months, each during the primary term." (Emphasis added.)

It was undisputed that all necessary delay rentals had been paid. It was undisputed that the primary term of the lease had not expired and that no well had been ever drilled on the 462.43 acres and that there was no production on said 462.43 acres. It was also undisputed that the closest producing well to the 462.43 acres was over 1100 feet from the northeast corner of the 462.43 acres. It was also undisputed that the lease in question contained the following provision:

"In the event a well or wells producing oil or gas in paying quantities should be brought in on adjacent land and within two hundred feet (200 ft.) of and draining the leased premises, lessee agrees to drill such offset wells as a reasonably prudent operator would drill under the same or similar circumstances. The judgment of the lessee, when not fraudulently exercised, in carrying out the purposes of this lease shall be conclusive."

Appellees by their petition sought damages for "failure to explore and develop" and, in the alternative, a decree requiring appellants to "explore and develop." The appellants also in their brief admit that "the suit was not for drainage but for failure to develop." And as hereinbefore shown, the trial court denied to appellees a judgment for damages and the only judgment rendered by the trial court was the alter-

native decree hereinbefore described requiring the drilling by defendants of a well within 40 days or forfeiture of the lease.

■ There were no pleadings that appellants were guilty of fraud or bad faith in failing to explore or develop the lands of appellees. Also we have carefully reviewed the record and hold that there is no evidence in the record of fraud or bad faith on the part of appellants with respect to this matter.

In Campbell v. Schrock, Tex.Com.App., 50 S.W.2d 788, 791, it is stated:

"As shown by the statement we have made, that judgment expressly decreed that the rentals on the above lease were paid up for the full 10-year period; that is, that they were paid for 10 years from the date of the lease. Certainly if the rentals are fully paid, no cause of action will lie to forfeit for their nonpayment. The date of the lease was July 15, 1926. It follows that Schrock and Brown can hold the lease until July 15, 1936, without drilling. This is because the lease is for 10 years from its date, with privilege of deferring drilling each year by paying rental, and this rental is decreed to have been fully paid in advance for the full 10-year period."

In 31A, Tex.Jur., pp. 247–249, it is stated:

"The delay rental clause is for the benefit of the lessee * * *. The provisions for payment of delay rentals are designed to enable a lessee who, for one reason or another, finds it undesirable to begin drilling on the agreed date to avert a forfeiture, and retain his rights by paying periodical rentals for the privilege of deferring operations. In other words such provisions give a choice of either drilling or paying; it is optional with the lessee as to which of the alternatives he will select * * *."

Also in this connection see Humble Oil & Refining Co. v. Strauss, Tex.Civ.App., 243 S.W. 528.

In 34 Texas Law Review, p. 553, it is stated:

"* * * Under the terms of the lease, payment of rentals is a substitute for exploration. Thus the question of further exploration can come up only after a well has been drilled. * * *" (Emphasis added.)

We think the controlling principles of law applicable to the case at bar are well stated in the case of Magnolia Petroleum Co. v. Page, Tex.Civ.App., 141 S.W.2d 691, 693, wr. ref., wherein a drainage provision identical with the drainage provision in the lease here involved, was construed by the San Antonio Court of Civil Appeals and application for writ of error was given an outright refusal by the Supreme Court of Texas. We quote from the court's opinion in this case as follows:

"The Sallie Page lease contained the following expressed covenants which have a bearing on the duties of the lessee to prevent drainage from the lease and to use reasonable diligence to develop the premises for oil and gas, to-wit: 'In the event a well or wells producing oil or gas in paying quantities should be brought in on adjacent land, and within 200 feet of and draining the leased premises, lessee agrees to drill such offset wells as a reasonably prudent operator would drill under the same or similar circumstances. The judgment of the lessee, when not fraudulently exercised, in carrying out the purposes of this lease shall be conclusive.'

"It is unquestionably the law that where the lease is silent as to the duty of a lessee to drill offset wells to prevent drainage that an implied covenant will be presumed and such implied covenant would require the drilling of such

offset wells as a reasonably prudent operator would have drilled under the same or similar circumstances. [Citing cases.]

"It is likewise the law that when a lease is *silent* as to the duty of the lessee to develop the lease *and there is no provision for the payment of delay rentals in lieu of drilling or where the period of the lease when delay rentals may be paid has expired,* then there is an implied covenant requiring the lessee to use such diligence in drilling and developing the lease for oil and gas as a reasonably prudent operator would use under the same or similar circumstance. * * *

"*However, when expressed covenants appear in the lease, implied covenants disappear. In this lease there is an expressed covenant as to appellant's duty with reference to avoiding drainage from the leased premises. It is true that such a covenant as to drainage applies only during the primary term of the lease. In other words, only so long as the provision for the payment of delay rentals in lieu of drilling is effective.* Humble Oil & Ref. Co., v. Strauss, Tex.Civ.App., 243 S.W. 528.

"*However, regardless of this there was an expressed covenant in the lease which provides that 'the judgment of the lessee, when not fraudulently exercised, in carrying out the purposes of this lease shall be conclusive'. It is therefore apparent that before appellees can recover from appellant they would be required to both allege and prove that when appellant decided not to further develop the Page lease, after it completed the Sallie Page Well No. 1, as a gas well, it did so fraudulently or at least in bad faith.* Cowden v. Broderick & Calvert, 131 Tex. 434, 114 S.W.2d 1166, 117 A.L.R. 61.

"The only allegations made by appellees as to fraud are found in paragraph IX of the petition, which reads as follows: 'The plaintiffs would further show to the Court that under the facts and circumstances as hereinbefore alleged, the action of the defendant in not drilling, exploring, developing and causing production to be obtained upon said land, and in not preventing the drainage therefrom as hereinbefore alleged, has been in bad faith, deliberately and fraudulently done in violation of the terms and provisions of said lease to the damage of the plaintiffs, as hereinbefore alleged, for all of which they are entitled to have judgment with interest and costs of suit.'

"These allegations are mere conclusions of the pleader and when taken in connection with the other allegations of the petition mean nothing more than that appellant did not use due diligence in developing the lease and in preventing drainage. Such allegations are insufficient. Before a recovery could be had under the provisions of this lease the allegations and the proof would have to not only show that appellant did not use due diligence to develop the lease and to prevent drainage, but that it had been guilty of bad faith in determining not to further develop the lease." (Emphasis ours.)

■ Express drainage or offset provisions in leases similar to the one invoked here have been construed by our Texas courts to exclude the implication of an obligation to drill during the primary term of the lease by reason of a well on adjoining land unless it is within the specified distance stated in the express drainage provision. See the following authorities: Hutchins v. Humble Oil & Ref. Co., Tex.Civ.App., 161 S.W.2d 571, wr. ref. w. o. m.; Burt v. Deorsam, Tex.Civ.App., 227 S.W. 354; Gulf Production Co. v. Kishi, 129 Tex. 487, 103 S.W.2d 965; Warren v. Amerada Petroleum Corp., Tex.Civ.App., 211 S.W.2d 314, wr. ref. n. r. e.; Simms Oil Co. v. Flewellen, 138 Tex. 63, 156 S.W.2d 521.

In Hutchins v. Humble Oil & Refining Co., supra [Tex.Civ.App., 161 S.W.2d 573], the court in construing a provision as follows:

"In the event a well or wells producing oil or gas in paying quantities should be brought in on adjacent lands and within one hundred fifty (150) feet of and draining the leased premises, lessee agrees to drill such offset wells as a reasonably prudent operator would drill under the same or similar circumstances."

stated:

"Appellant's land was some 38 feet in excess of 150 feet distance from the well on unit 18. The parties having made express agreement with reference to offset obligations, the court cannot imply other or different offset obligations. Gulf Production Co. v. Kishi, 129 Tex. 487, 103 S.W.2d 965, 968; Freeport Sulphur Co. v. American Sulphur Royalty Co., 117 Tex. 439, 444, 6 S.W.2d 1039, 60 A.L.R. 890; Texas Law Review Vol. 11, p. 435. The obligation to drill an offset well on the 8.5 acres never therefore arose."

In Burt v. Deorsam, Tex.Civ.App., 227 S.W. 354, 357, it is stated:

" 'Where the parties have expressly agreed on what shall be done, there is no room for implication for anything not so stipulated for.' " 18 R.C.L. 1213.

No production had ever been had on appellees' land and the implied covenant for reasonable development after *initial* production consequently never arose in this case. The nearest well on adjoining property was over 1100 feet from appellees' land and it never became necessary for appellant to drill an offset well under the express drainage provision (the 200-foot provision, etc.) in the lease in question. This express provision for drainage was still applicable while the lease was in its primary term with all necessary delay rentals paid, and no im-

plied covenant with respect to drainage ever arose under the facts in this case. The lease gave appellants the choice of drilling or paying delay rentals during the primary term and since appellants elected to pay delay rentals during the primary term in lieu of drilling, they were not obligated to drill or explore appellees' land under the above recited undisputed facts in this record. We hold, therefore, that the judgment of the trial court was erroneous and that judgment should be rendered here for appellants.

Also, since the lease contained the following provision: "The judgment of the lessee, when not fraudulently exercised, in carrying out the purposes of this lease shall be conclusive," and since appellees have not pleaded that appellants here fraudulently or in bad faith deferred the commencement of an exploratory well on appellees' lands, and since there is no evidence in this record of fraud or bad faith on the part of appellants in this respect, the judgment of the trial court was erroneous for this reason as well, as succinctly set out in Magnolia Petroleum Co. v. Page, supra.

Appellees heavily rely upon the case of Texas Co. v. Ramsower, Tex.Com.App., 7 S.W.2d 872. In the Ramsower case (where the lease was in its primary term with delay rentals paid) suit was brought for damages for failure to drill offset wells to prevent drainage (where the wells on adjoining land were 150 to 300 feet away from the lease in question and where there were no express provisions in the lease for drainage or offset wells), and a judgment for damages was affirmed. The suit at bar was not a drainage suit and no damages were awarded for alleged drainage or failure to drill offset wells and the only judgment rendered by the trial court in the case at bar was an alternative decree requiring drilling or a forfeiture of the lease. The Supreme Court in the Ramsower case clearly pointed out that the lease in that case *did not contain an express covenant as to drainage or the drilling of offset wells as did· the lease in the· case of Burt v. Deorsam, Tex. Civ.App., 227 S.W. 354,* where as in the

case at bar, the parties had expressly contracted with respect to offset drilling, the provision in the lease in the Deorsam case being as follows:

"If during the period of this lease or the extensions of the time limit for drilling, and within five years from the date last above set forth and prior to the discovery of oil or gas on said leased land, there shall be drilled on adjacent land and within two hundred feet (200 ft.) of any line of said leased land, a well producing as much as 50 barrels of oil per day for thirty consecutive days, the lessee will, with reasonable diligence, begin and prosecute the drilling of a well on said leased land in a faithful effort to find and produce oil in paying quantities."

The Supreme Court at the outset of its opinion in the Ramsower case stated:

"It is to be regarded as settled law that the nature of the contract such as that before us injects into the situation an implied covenant of protection (citing authorities). *Such a contract is to be distinguished from one like that involved in Burt v. Deorsam, Tex.Civ. App., 227 S.W. 354, wherein it appears, the parties in express terms covered the subject of protection from drainage.*" (Emphasis added.)

We think the Ramsower case is clearly distinguishable from the case at bar and is not applicable to the facts in this case.

Appellees also cite (among others) the following cases: Willingham v. Bryson, Tex.Civ.App., 294 S.W.2d 421; Perkins v. Mitchell, Tex.Civ.App., 266 S.W.2d 451, affirmed 153 Tex. 368, 268 S.W.2d 907; and Humble Oil & Refining Co. v. Romero, 5 Cir., 194 F.2d 383. We think these cases are not applicable to the case at bar. While these suits were for reasonable development, in each instance *initial production* had already been had upon each of the leases in question and none of such leases

were in their primary term and being held by delay rentals. Also the express covenant as to drainage or offset wells was not involved in any of said cases.

Having determined that the judgment of the trial court should be reversed and that judgment here should be rendered for appellants, we deem it unnecessary to discuss or pass on appellants' remaining points.

The judgment of the trial court is reversed and judgment is here rendered in favor of appellants that appellees take nothing by their suit.

Reversed and rendered.