WARM SPRINGS DEVELOPMENT COMPANY, A NEVADA CORPORATION, APPELLANT, *v.* W. J. McAULAY, RESPONDENT.

No. 9148

April 7, 1978                                             576 P.2d 1120

*Hibbs & Newton,* and *Margo Piscevich,* Reno, for Appellant.

*Vargas, Bartlett and Dixon,* and *Frederic R. Starich,* Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Warm Springs Development Company here appeals from a

judgment declaring the express terms of a mineral lease enforceable, urging that an implied covenant should be read into the lease, to contradict its explicit provisions. We disagree.

On November 18, 1962, Henry Houck entered into a heat, fluid, and mineral lease with respondent, W. J. McAulay, for 80 acres in Humboldt County. The lease was for twenty years (until November 18, 1982), but provided for termination if McAulay failed either to drill a well by October 18, 1963, or to pay nominal rents to defer drilling.[1]

McAulay did no drilling, but paid $8 per year for the first ten years, and $20 for the eleventh year. Then appellant Warm Springs, successor in interest to Houck, sent McAulay a lease termination notice, and sought a declaration from the district court that McAulay has "no rights whatsoever in and to said [leased] premises by reason of [the] written agreement." The district court held the lease valid and in full force until October 18, 1982, provided McAulay continued to make the specified payments. On appeal, Warm Springs contends the court should have declared the lease forfeit because McAulay breached an implied covenant, i.e., to proceed diligently to develop the property within a reasonable time.

Many jurisdictions do indeed recognize implied covenants in oil, gas, and mineral leases; however, the majority refuse to imply a covenant of due diligence where it would directly contradict an express provision allowing delay in development upon payment of rent. *See* Skinner v. Ajax Portland Cement Co., 197 Pac. 875 (Kan. 1921); Kachelmacher v. Laird, 110 N.E. 933 (Ohio 1915); Central States Production Corp. v. Jordan, 86 P.2d 790 (Okl. 1939); Coats v. Brown, 301 S.W.2d 932 (Tex.Civ.App. 1957); *see also* Grooms v. Minton, 250 S.W. 543 (Ark. 1923); Hartman Ranch Co. v. Associated Oil Co., 73 P.2d 1163 (Cal. 1937); 2 Brown, *The Law of Oil and Gas Leases,* § 16.02, 16-15 (2nd ed. 1973). It appears only Kentucky and Indiana imply such a covenant where the lease contains an express "drill or pay rent" clause. *See* Monarch Oil,

---

[1]The lease provided in pertinent part:

"If no will be commenced on said land on or before the 18 day of October, 1963, this lease shall terminate as to both parties unless the Lessee on or before that date shall pay or tender to Lessor . . . a sum equal to 10¢ per acre . . . which shall operate as a rental . . . and cover the privilege of deferring the commencement of a well for 12 months from said date. In a like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively for the second to tenth rental years inclusive. For the eleventh to twentieth years inclusive, the rental shall be increased to the sum of 25¢ per acre, . . . Lessee shall have the right to drill as many wells on the leased premises as it in its sole discretion, shall deem are necessary for the development of the leased premises, and shall be under no obligation to drill any well which it, in its sole discretion, does not deem to be necessary."

Gas and Coal Co. v. Richardson, 99 S.W. 668 (Ky.App. 1904), *Brown,* cited above; *cf.* New Harmony Realty Corp. v. Superior Oil Co., 31 N.E.2d 673 (Ind. 1941); Consumers' Gas Trust Co. v. Littler, 70 N.E. 363 (Ind. 1904). This minority approach, which seeks to prevent speculation by lessees, appears "violative of all settled interpretation and construction of contracts, and an unjustifiable interference with the privilege and power to contract." 2 Summers, *Oil and Gas,* § 397, 547 (1959).

Accordingly, we adopt the majority rule and refuse to imply a covenant of due diligence to defeat the express agreement of the parties. The decision of the district court is affirmed.

BATJER, C. J., and MOWBRAY, THOMPSON, and MANOUKIAN, JJ., concur