

# THE ATTORNEY GENERAL
# OF TEXAS

October 24, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Glen Hartman
Executive Director
Texas Public Finance
   Authority
P. O. Box 12906
Austin, Texas   78711

Opinion No.  JM-969

Re:   Whether all bonds to be used to fund a project must be issued before formalization of construction contracts (RQ-1454)

Dear Mr. Hartman:

The Texas Public Finance Authority is empowered to issue and sell bonds in its name to finance the acquisition, construction, repair, renovation, or other improvement of buildings and other facilities for the use of state agencies in Travis County. V.T.C.S. art. 601d, § 9. Before the board may issue and sell bonds, the legislature must have authorized the specific project which the bonds are to finance. Id. § 10; see also V.T.C.S. art. 717k-7 (approval of issuance by bond review board). The authority's power to finance a project does not affect the statutory authority of the State Purchasing and General Services Commission, or any other state agency or institution, to build the buildings. V.T.C.S. art. 601d, § 11.(a).

Under the authority of article 601d-1, V.T.C.S., the Public Finance Authority may issue general obligation bonds and revenue bonds and distribute bond proceeds to certain agencies for corrections institutions and mental health and mental retardation institutions. V.T.C.S. art. 601d-1, §§ 4, 5; see Tex. Const. art. III, § 49-h (authorizing general obligation bonds). Specific projects must have been authorized by the legislature, and the bonds may not be issued or the bond proceeds used to finance a project unless the issuance or project has been approved by the bond review board. V.T.C.S. art. 601d-1, §§ 2(d), 10.

You inform us that agencies undertaking a construction project have on occasion asked the board of directors of the authority to have all proceeds from the bond issue necessary to fund a given project in the treasury and available for

expenditure before they enter into any contract related to the construction. Recently, representatives from the Texas Department of Corrections stated that all the funds requested for prison construction had to be available for disbursement prior to their entering into any contracts for projects to be built with bond proceeds. On the basis of this information, you ask the following question:

> [W]hat constitutional or legislative authority, if any, requires that all bonds to be used to fund a given project to completion must be issued before construction-related contracts may be formalized.

On examination of the relevant statutes and constitutional provisions, we find no definitive answer to your question. However, we can point out certain provisions of law, the effect of which must be considered by the board in determining the timing of bond approvals.

The legislation governing the Public Finance Authority is inconclusive as to such a requirement. On the issuance of revenue bonds, the board is required to notify the appropriate agency that the funds are available and to deposit the bond proceeds in the state treasury. V.T.C.S. art. 601d, § 23; V.T.C.S. art. 601d-1, § 5. "Once the funds are deposited and the comptroller of public accounts has certified that the funds are available . . . the appropriate agency may begin approved projects." V.T.C.S. art. 601d-1, § 5 (emphasis added); see also V.T.C.S. art. 601d, § 23. The underlined language indicates the intent of the legislature that construction not begin until the funds are available. There is not, however, a similar provision pertaining to the issuance of general obligation bonds.

Also relevant to your question are some of the general rules of contract law which apply to the state and private parties alike and constitutional provisions applicable to the state of Texas. A contract is not binding unless it is supported by consideration. Stone v. Morrison & Powers, 298 S.W. 538 (Tex. Comm'n App. 1927, holding approved). A state agency moreover cannot make a binding contract for construction of facilities unless the contract provides for payment; otherwise, it would be invalid for attempting to create a debt in violation of article III, section 44, of the Texas Constitution. Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660 (Tex. 1935). The legislature may not appropriate funds from the treasury in payment of a claim under an invalid

contract.  See Pickle v. Finley, 44 S.W. 480 (Tex. 1898); State v. Steck Co., 236 S.W.2d 866 (Tex. Civ. App. - Austin 1951, writ ref'd);  Tex. Const. art. III, § 44; art. VIII, § 6.

Parties may enter into a valid and binding contract by exchanging promises.  Teague v. Edwards, 315 S.W.2d 950 (Tex. 1958); Texas Farm Bureau Cotton Ass'n. v. Stovall, 253 S.W. 1101 (Tex. 1923).  A conditional promise can provide valid consideration for a contract. Beaumont Traction Co. v. Texarkana & Ft. S. Railway Co., 123 S.W. 124 (Tex. 1909); Rose v. San Antonio & M. G. R. Co., 31 Tex. 49 (1868).  For example, a state agency may enter into a binding contract for a longer time than the two-year term for which appropriations are valid under article VIII, section 6, of the constitution if the contract states that payment thereunder is subject to the availability of appropriated funds. Attorney General Opinions M-656 (1970); M-253 (1968); C-206 (1964).  If, however, the legislature decides not to appropriate funds in payment of the contract, the comptroller may not issue a warrant in payment to the party contracting with the state.  Attorney General Opinion C-206 (1964).

Thus, although a state agency might be able to enter into a legally binding construction contract which makes payment contingent on the Public Finance Authority taking actions in the future to provide funding for the contract, this contract term would raise significant practical problems for the agency which needs a new facility and the construction companies interested in building it.  Moreover, if under a particular contract, performance of the "promise" is entirely optional with the person who made the promise, it is not consideration for the contract.  Restatement (Second) of Contracts § 77 (1981).  How these legal considerations would apply to particular contract situations cannot be determined in the opinion process.

## S U M M A R Y

Construction financed by revenue bonds issued by the Texas Public Finance Authority may not begin until the bond proceeds are deposited in the state treasury and the comptroller has certified that the funds are available.  No statute or constitutional provision requires the Texas Public Finance Authority to issue all general obligation bonds needed to fund a given project to

completion before construction-related con-
racts may be formalized.  The state may  not
make a binding contract without provision for
payment, although payment  provisions may  be
contingent on the availability of funds.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General