## National Oil and Pipe Line Company et al. v. Richard Teel et al.

### No. 1116.  Decided June 16, 1902.

**1.—Practice in Supreme Court.**

An assignment of error not passed on by the Court of Civil Appeals must be treated as though expressly overruled, when they affirm the judgment below. (P. 591.)

**2.—Contract—Option—Want of Mutuality.**

A contract to convey an interest in land to another on his compliance with conditions which it does not bind him to perform, is void for want of mutuality in the promise unless supported by some independent consideration.  (P. 591.)

**3.—Contract—Nominal Consideration.**

See opinion as to whether the recital of a nominal consideration (payment of one dollar) is sufficient to support a contract resting on no mutual undertakings (the question not decided).  (P. 591.)

**4.—Fraud—Innocent Purchaser—Equitable Title.**

The assignee of the purchaser of a merely equitable right in lands (an option permitting him to acquire an interest on performance of conditions) is not protected as an innocent purchaser against the defense by the owner of fraud in obtaining the contract from him.  (Pp. 591, 592.)

**5.—Contract—Assignment—Defenses.**

A contract conveying a merely optional right to acquire an interest in land is such a non-negotiable instrument as to subject the assignee to any defense the promissor may have had against the original promisee, such as fraud in obtaining it.  Rev. Stats., art. 309.  (Pp. 592, 593.)

**6.—Grounds of Affirmance.**

The judgment of the Court of Civil Appeals in this case is affirmed on the grounds here announced without passing on the correctness of those assigned in that court.  (P. 593.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Hardin County.

Teel and others sued the National Oil and Pipe Line Company, together with Nicholson and Mundy, and recovered judgment, which was affirmed on appeal by defendants, who thereupon obtained writ of error.

*Watts, Chester & Ellison, E. R. Spots,* and *A. E. Amerman,* for plaintiffs in error.—The Court of Civil Appeals erred in holding that the instrument executed November 10, 1899, and therein construed or interpreted, were only options, because it appears by the terms of the said instruments that they were executed conveyances of the minerals under the lands described therein, by deed actually delivered for a consideration actually paid, such conveyances being executed subject to be defeated on conditions subsequent therein expressed, and in no event dependent upon conditions precedent.  It further appearing from the terms of said instruments that the grantor had performed all things by him to be performed, and that this suit was not a suit to enforce specific performance of anything by him to be performed, but was a suit by the

grantor himself to rescind his executed conveyances.   Baker v. Westcott, 73 Texas, 133; Tied. on Real Prop., sec. 26; Newark v. Upson, 40 Ohio, 17; Baringer & A. on Mines and Mining, 36.

The court erred in holding that the instruments construed by it were not sales and conveyances of the minerals, because, by their expressed terms, in the language of a deed of conveyance, they constitute conveyances and conditions subsequent.   Benavides v. Hunt, 79 Texas, 383; Coal Co. v. Upson, 40 Ohio, 17; Law of Mines and Mining, by Barringer & A., 36; Chester Emery Co. v. Lucas, 112 Mass., 424; Fairchild v. Fairchild, 9 Atl. Rep., 255.

The court erred in holding that the real consideration for the conveyance, evidenced by the instruments, was not the one dollar paid, or the rent to be paid, but that the development of minerals was the real consideration, because by the terms of said instruments the one dollar is the only consideration named, and the development of oil or other minerals and the payment of rent were conditions subsequent and expressly so termed in the instruments themselves.   It appearing that the grantor stipulated for development or for rent in lieu thereof, and as appellants are innocent purchasers for value, they are not bound by the secret motive of Teel in executing said conveyances.   Oil Co. v. Snyder, 106 Fed. Rep., 764; Brown v. Oil Co., 21 Ohio Circuit Ct. Rep., 117; Oil Co. v. Oil Co., 34 S. E. Rep., 923 (dissenting opinion of Brannon, Justice).

The court erred in holding that because of the stipulation in the instruments that the grantees should have the option of preventing a forfeiture if development for minerals was not commenced in two years, upon the payment of rent, and could thereby from year to year postpone operations for such development, that therefore there was no mutuality in the instruments, because this suit was brought before the expiration of the two years, and the instruments were at least binding for that length of time, and the question as to what would be the binding force of the agreement to prevent forfeiture by the payment of rent was not involved herein. See authorities next preceding; also Law of Mines and Mining, by Barringer & A., 51; Land Co. v. Gas Co., 23 Pac. Rep., 630; same case, 38 Pac. Rep., 790; Caldwell v. Fulton, 31 Pa. St., 475; Wilson v. Hughes, 39 Law Rep. Ann., 292.

The court erred in holding that the instruments referred to in its opinion were not sales and conveyances of the minerals, and in this material particular it is directly in conflict with an opinion rendered by the honorable Court of Civil Appeals of the Fifth Supreme Judicial District of Texas, at Dallas, on February 22, 1902, and not yet reported, in the case of the Southern Oil Company v. Colquitt.   Southern Oil Company v. Colquitt, above referred to; Law of Mines and Mining, by Baringer & A., 51; Land Co. v. Gas Co., 23 Pac. Rep., 630; same case, 38 Pac. Rep., 790; Caldwell v. Fulton, 31 Pa. St., 475; Wilson v. Hughes, 39 Law. Rep. Ann., 292.

In support of a motion for rehearing, which was overruled, counsel for plaintiffs in error presented the following points and authorities:

This court erred in holding that the failure of the Court of Civil Appeals to pass upon the assignments of appellants below to the finding of the trial court that the contracts were produced by fraud, because such finding is contrary to the evidence and unsupported by the evidence, had the effect of expressly overruling such assignment. Such holding by this court is contrary to the statutes in this State, and supported entirely by the rule of practice in Illinois, itself based upon the statutes of Illinois, totally different from any statute of this State, and the decisions in question announced for the first time a rule of practice in this State for which the bar is wholly unprepared. Rev. Stats., arts. 942-947; Sayles' Supp., 1902, art. 943; Acts of 1901, p. 122; Wheeler v. Railway, 43 S. W. Rep., 877; Bomar v. West, 28 S. W. Rep., 520; Capes v. Burgess, 135 Ill., 61; Thomas v. Insurance Co., 108 Ill., 91; The Coal Field Co. v. Peck, 98 Ill., 139.

This court erred in holding that under the facts of this case appellants could not be innocent purchasers for value under the instrument sued on, because it appears that such instruments were executed and acknowledged for record by Teel and his wife, and expressly granted the authority to Nicholson to assign the same; and that Mundy and appellants acquired their rights in reliance upon the terms of the instrument as recorded and parted with a valuable consideration therefor; and that Teel did not move to assert his alleged equities as against such recitals until after appellants had thus acquired their rights. Therefore the said Teel was estopped from asserting such equities against the appellants. Eyler v. Eyler, 60 Texas, 319; Hurt v. Cooper, 63 Texas, 366; 2 Pom. Eq. Jur., secs. 710, 897; Ewart on Estoppel, pp. 264-266; Younger v. Welch, 22 Texas, 426.

This court erred in holding that because the contracts in question were options and were not such contracts as conveyed the legal title, but only convey an equitable right, therefore appellants could not be innocent purchasers thereunder. Johnson v. Newman, 43 Texas, 640; Pom. Eq. Jur., pp. 716-717; Railway v. Bird, 116 Ind., 217; 9 Am. St. Rep., 842; Thompson v. Christy, 11 Law. Rep. Ann., 236.

The court erred in holding that the instruments in question were but options, conveying equitable right alone to Nicholson as assignee. The instruments in question, by their terms in the exact language of an absolute deed, bargain, sell, and convey the minerals; it is an executed conveyance, subject to be defeated on conditions subsequent. Car Works v. Improvement Co., 4 Texas Civ. App., 427; Baker v. Westcott, 73 Texas, 133; Barringer & A. on Mines and Mining, p. 36; Adams v. Copper Co., 7 Fed. Rep., 634; Hobart v. Murray, 54 Mo. App., 249; Hartwell v. Camman, 2 Stock. Ch. (N. J.), 128; Suffern v. Butler, 4 C. E. Green Ch., 202; Coal Co. v. Upson, 40 Ohio, 17.

The court erred in holding that article 309 of the Revised Statutes has application to the contracts in question. Such article has refer-

ence alone to commercial contracts for the payment of money, or at least for the performance of something which consists of payment. Rev. Stats., art. 309; Pom. Eq. Jur., p. 716.

Even if the contracts in question are not executed conveyances, yet the one dollar consideration is sufficient to support them. Davis v. Wells, 104 U. S., 159; Oil Co. v. Snyder, 106 Fed. Rep., 764; Ross v. Parks, 11 Law. Rep. Ann., 148; Railway v. Jackson, 5 Texas Civ. App., 144.

But the instruments are executed conveyances, and even if no consideration whatever had been paid they would be binding. Baker v. Westcott, 73 Texas, 133; Dev. on Deeds, sec. 810; Tied. Real Prop., sec. 801.

*Cruse & Nall* and *Smith, Crawford & Sonfield,* for defendants in error.—Where it is apparent from the face of the instrument that a right is granted for the purpose of developing oil or gas properties of the land, and the principal or controlling consideration of same is such development and the profits from the product, and the limits of the term are set, with defeasance to the owner, until possession it taken and at least something is done in its performance, the contract is executory, the rights under it are inchoate, and the same constitutes a mere option in favor of the grantee to go into possession and perform the contract. In such a case the language of the instrument in all its parts will be looked to, the concern of the court being the intention of the parties, to arrive at which inquiry will be made into the situation of the parties, the subject matter of the agreement, the object which the parties had in view at the time and intended to accomplish, and the prevalent judicial construction of the like character of instruments. Oil Co. v. Oil Co., 34 S. E. Rep., 923; Cowan v. Iron Co., 3 S. E. Rep., 120; Petroleum Co. v. Coal Co., 18 S. W. Rep., 65; Huggins v. Daley, 99 Fed. Rep., 606; Steelsmith v. Gartlan, 44 Law. Rep., Ann., 107; Gibson v. Fifer, 21 Texas, 260; Webster v. Mann, 52 Texas, 416; Brinser v. Anderson, 18 Atl. Rep., 520; Sug. on Vend., 339.

The rights of the lessee under an oil lease such as the one in this case may be converted, by the lessee's performance under it, into a vested estate, so that his remaining obligations may partake of the nature of conditions subsequent (as is the case in, we believe, every case cited under this proposition of appellant's), but until the lessee's estate has been so perfected it is an executory contract, and the undertakings of the lessee are conditions precedent, and not conditions subsequent. Webster v. Mann, 52 Texas, 416; New Orleans v. Railway, 171 U. S., 186; Proprietors of Foundry v. Hovey, 21 Pick., 440; Cutter v. Powell, 2 Smiths Lead. Cases, 17; Huggins v. Daley, 99 Fed. Rep., 606; Clark on Con., 1.

If the consideration of one dollar were presumed, it was only a nominal one, and would not govern the character of the contract when it appears that it did not enter into the consideration moving the execu-

tion of the contract, if the contract be executory. Huggins v. Daley, 99 Fed. Rep., 606; First Pres. Church v. Cooper, 3 Law. Rep. Ann., 468; Iron Co. v. Trout, 2 S. E. Rep., 718; Gas Co. v. Philadelphia, 27 Atl. Rep., 951.

An assignee of an executory contract (such as in this case) which on its face discloses contingencies by which the rights of the parties are subject to change, must inquire into the present status of the rights of the parties, and he takes the lease at his peril if he does not do so. Iron Co. v. Trout, 2 S. E. Rep., 723; Gas Co. v. Philadelphia, 27 Atl. Rep., 951; Mullins v. Wimberly, 50 Texas, 457; Mann v. Falcon, 25 Texas, 271; Webster v. Mann, 52 Texas, 416; Grimstone v. Carter, 3 Paige Ch., 421; Russell v. Sweezey, 22 Mich., 236; Randall v. Silverthorn, 4 Barr., 173; Pill v. McElroy, 36 Cal., 268; McKecknie v. Hoskins, 23 Me., 230; Jaques v. Weeks, 7 Watts, 261, 287; Wright v. Bates, 13 Vt., 341; Baynard v. Norris, 5 Gill, 468; Pendelton v. Fay, 2 Paige, 202; Baxter v. Sewell, 3 Md., 341; Wood v. Krebbs, 30 Grat., 708.

Where the consideration of an executory contract consists in the mutual obligations of the parties, if one of the parties fails to bind himself in some way enforcible at law or in equity, while the contract remains unperformed in whole or in part, neither party is bound. Gas Co. v. Philadelphia, etc., 27 Atl. Rep., 951; Oil Co. v. Oil Co., 34 S. E. Rep., 923; Cowan v. Iron Co., 3 S. E. Rep., 120; Huggins v. Daley, 99 Fed. Rep., 606; Iron Co. v. Trout, 2 S. E. Rep., 718.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendants in error to cancel two certain contracts which purported to convey to Chas. A. Nicholson the right to bore for and take away the oil, gas, and other minerals, each upon a distinct tract of land. Nicholson assigned his right under both contracts to John F. Mundy, who in time conveyed his right in one tract to the National Oil and Pipe Line Company, and in the other to the Empire State Oil, Coal and Iron Company. Nicholson and each of his successors in title were made parties defendant. Nicholson and Mundy disclaimed. The defendant companies made defense, and upon the trial judgment was rendered against them. Upon appeal the judgment was affirmed.

The plaintiffs in their petition alleged that the contracts were procured by the fraud of Nicholson; that no consideration was paid therefor, and, in effect, that they were void for want of mutuality.

The defendant companies answering, denied the allegations of the petition and pleaded that they were purchasers for value without notice of the fraud of Nicholson.

The trial court found, as a matter of fact, that the contracts were procured by fraud; that the assignments to Mundy and to the defendant companies were made for value and without actual notice of the alleged fraud; but also found that the plaintiffs at the time of the transfer were in actual possession of the lands, and therefore concluded, as a matter of law, that they had constructive notice. But the Court of Civil Ap-

peals reversed the ruling of the trial court upon the question of con-
structive notice, and held that since the possession of the plaintiffs was
entirely consistent with the rights attempted to be secured by the con-
tracts in question, such possession did not affect purchasers with notice
of the infirmity of the contracts. They, however, affirmed the judg-
ment upon other grounds.

In the Court of Civil Appeals the appellants assigned error as to the
finding of the trial court, that the contracts were procured by fraud.
But the Court of Civil Appeals, presumably for the reason that in their
opinion the appellants were protected as purchasers for a valuable con-
sideration without notice, did not pass upon the question. But, what-
ever their reasons for the failure to decide the point, the important fact
is that they did not sustain the assignment. It must therefore be con-
sidered by us as if it had been expressly overruled. Capes v. Burgess,
135 Ill., 61. Since we are without jurisdiction to determine a question
of fact, and since the plaintiffs in error have not assigned in this court
that there was no evidence to sustain the finding of the trial court, we
must treat the case as if fraud had been established by the evidence.
This brings us to the question, is the plea of innocent purchasers a valid
defense to this action? In order to decide this question, it is necessary
to determine the nature of the contracts under which the plaintiffs in
error claim. Viewing the written agreements in the light most favor-
able to these parties, they do not pass an interest in the lands, but are
mere contracts for an option by which they may acquire such interest.
A naked agreement by which one promises to convey to another an inter-
est in land in consideration of money to be paid, or acts to be performed
by such other, but which does not bind the other to pay or perform the
consideration, as the case may be, can not be enforced. In such case
there is a want of mutuality in the agreement. The one party promises
to do something—the other does not promise absolutely to do anything;
hence there is no consideration to support a contract, and it is void.
On the other hand, a promise to give an option is valid if supported by
an independent consideration. For example, if a sum of money be paid
for the option, the promisee may, at his election, enforce the contract.
Each of the contracts in this case purports upon its face to have been
executed in consideration of the payment of one dollar; and though the
plaintiff below pleaded that no consideration was paid, there was no
evidence that the recitals as to the consideration in the contracts were
not true. Whether the recital of "one dollar,"—commonly called a
nominal consideration,—is sufficient to support the contracts we need
not discuss,—though there is very high authority for holding that such
recital is sufficient for the purpose. Davis v. Wells, 104 U. S., 159.
Treating the contracts as if supported by a consideration, the question
recurs, can the assignee of such a contract, or the vendee of the right
secured by it, shield himself against the fraud of his assignor in its
procurement by showing that he is a purchaser for value without notice
of the fraud? We have found but one case in our reports in which a

like question was considered, and it seems decisive of the point against the plaintiff in error. In York's Administrator v. McNutt, 16 Texas, 13, McNutt gave one Hughes a bond for title for a tract of land, the consideration being money won at cards. Hughes sold the land to one Cox, who sold again to York. It was held that the fact that York occupied the position of an innocent purchaser did not entitle his administrator to recover the land. In disposing of the case, Chief Justice Hemphill says:

"It must be admitted that there is great apparent hardship in affecting subsequent vendees with all the equities, though latent, which may subsist between the vendor and the first vendee, where the sale is only of the equitable title, and especially so where the rule is well established that a subsequent purchaser without notice will be protected against the equities of the vendor or those claiming in privity under him. But it appears very clear from the authorities that the protection given to purchasers for valuable consideration without notice, extends only to cases where they have taken a conveyance, or, in other words, where they have purchased the legal title. Dart on Vendors, 462; 4 Dess., 274; 8 Cranch, 462; 10 Pet., 177; 7 Pet., 252. But where the purchase is only of the equitable, it is taken with all its imperfections and equities, notwithstanding a valuable consideration may have been given and there may have been no notice of the equity or defense against the title. 12 Sergeant & Rawle, 389; 2 Watts, 459. In the case of Chew v. Barnett, 11 Sergeant & Rawle, 380, the court say that 'when it is asserted that a purchaser for a valuable consideration takes the title free of every trust or equity of which he has no notice, it is intended of the purchase of a title perfect on its face; for every purchaser of an imperfect title takes it with all its imperfections on its head. It is his own fault that he confides in a title which appears defective, and he does so at his peril.' "

When it is considered that but for the illegality of the consideration of his bond for title, Hughes acquired thereby a perfect equitable title to the land,—a title as effective under our system of practice as the legal title,—it seems that this is a very pronounced decision. By the contracts in the present case Nicholson acquired no title to the lands; at most, he secured only the right to acquire an interest in the lands, by complying, at his election, with the stipulations on his part. Until compliance he had no legal title in the lands themselves; and as a rule, it is only the purchaser of the legal title who can assert the equity of an innocent purchaser. If Nicholson or Mundy had so complied when the latter made the sales to the defendant companies, their position may have been different.

Furthermore, the instruments being merely contracts by which Nicholson could acquire an interest in the lands, it seems to us they fall within the rule of "written instruments not negotiable by law," with reference to which article 309 of our Revised Statutes provides that "The assignee of any instrument mentioned in the preceding article

may maintain an action thereon in his own name, but he shall allow every discount and defense against the same which it would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant; and in order to hold the assignor as surety for the payment of the instrument, the assignee shall use due diligence to collect the same."

Our conclusion upon the point considered renders it unnecessary for us to pass upon the questions learnedly discussed in the opinion of the Court of Civil Appeals.

For the reasons given, the judgment of the Court of Civil Appeals and that of the District Court are affirmed.

*Affirmed.*