## ATLANTIC OIL PRODUCING CO. v. DAWKINS. (No. 1190.)

(Court of Civil Appeals of Texas. El Paso. April 7, 1921. Rehearing Denied May 5, 1921.)

1. Mines and minerals ⊂⇒74—Neither a verbal assignment nor a writing insufficient to constitute an assignment will support a plea of innocent purchaser by one purchasing from assignee.

A writing purporting to be a memorandum designating what the parties were to do as a consideration for an assignment theretofore made of an oil and gas lease is insufficient as a lease, and cannot be recorded under Vernon's Sayle's Ann. Civ. St. 1914, art. 6824, because not containing evidence of an absolute right to land, but merely a chance of title, and it will not support a plea of innocent purchaser by one purchasing from the assignee in such case, and neither will a verbal assignment.

2. Mines and minerals ⊂⇒74—Lessee held not estopped to claim a forfeiture of a right to acquire a lease under a contract for an assignment.

Lessee's appropriation of money to assist parties to whom he contracted to assign in performing acts as a consideration for the assignment cannot be construed into a waiver or an estoppel to claim a forfeiture of a right to acquire a lease as against a purchaser from the latter, because in no sense indicating that lessee would not insist on the provisions of his written assignment, and neither could such estoppel result if it were construed as a completed partnership between them.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Suit by John R. Dawkins against the Atlantic Oil Producing Company and others. Judgment for plaintiff, and the defendant company alone appeals. Affirmed.

Jno. L. Young, of Dallas, for appellant. S. W. Marshall, of Dallas, Wagstaff & Wagstaff, of Abilene, and Andrews & Coombes, of Stamford, for appellee.

HARPER, C. J. Appellee brought this suit against appellant, Atlantic Oil Producing Company, and others, to remove cloud and to quiet title to certain oil leases. Tried before the court, and judgment entered for plaintiff as prayed for, from which the above-named appellant alone has appealed.

The facts out of which the litigation arose are substantially as follows: Richard Cordo-

vant, being the owner of the lands, executed two oil and gas leases to J. R. Dawkins. Then the latter executed the following:

"The State of Texas, County of Callahan.

"Know All Men by These Presents: That this contract and agreement, made and entered into on this the 19th day of June A. D. 1918, by and between John R. Dawkins of Callahan county, Texas, party of the first part, and A. Lewis and E. E. McGinley of Tulsa, Okl., parties of the second part, witnesseth: That the said party of the first part has this day assigned to said parties of the second part certain oil and gas leases hereinafter described, the consideration for the assignment of said leases being as follows:

"The said parties of the second part agree to begin the drilling of a well for oil and gas within sixty days from this date, said well to be drilled on the east one-half of the southeast one-fourth of section number twelve (12) in block number five (5) of the Southern Pacific Railway Company lands in said Callahan county, Texas. Said parties of the second part agree to prosecute the drilling of said well continuously after it is begun and to drill the same to the depth of at least 3,500 feet, unless an initial production of fifty barrels of oil per twenty-four hours for one week is found at a lesser depth. Parties of the second part agree that if a showing of oil is found at a lesser depth than 800 feet that they will clean the well out and run bailer for twenty-four hours and test well for amount of production before proceeding further. Parties of the second part agree to start well with hole sufficiently large to use an eighteen-inch casing, and, also agree to give to said party of the first part all information as to the log of the well at all reasonable times. The leases transferred to said parties of the second part in consideration of the drilling of said well, being described as follows: [Here follows description of lands.]"

The uncontradicted evidence shows that at the time this writing was executed there was a verbal agreement that a failure to perform forfeited all rights to acquire a lease, and appellee testified that he executed no other assignment than the following:

On October 15, 1918:

"Now, therefore, for and in consideration of the covenants and agreements entered into in a certain contract made and executed on the 19th day of June, 1918, by and between John R. Dawkins, party of the first part, and A. Lewis and E. E. McGinley, parties of the second part, by reason of which said contract this assignment is now made, I, the said John R. Dawkins, do hereby bargain, sell, transfer, assign, and convey unto A. Lewis and E. E. McGinley all right, title, and interest that I have in and to said two leases and all rights thereunder in so far as they cover the following described tracts of land, to wit: [describing same lands as above contract.]

"And for the said consideration I do hereby covenant with the said A. Lewis and E. E. McGinley that I am the lawful owner of the said leases and all rights and interests thereunder; that I have good right and authority to sell and convey the same, and that all rentals and royalties due and payable thereunder have been duly paid; and that I will warrant and defend the same against the lawful claims and demands of all persons whomsoever.

"But it is expressly agreed that this assignment is made subject to the complete fulfillment of said contract, and in event said contract is not fully complied with, this assignment shall become void and the property hereby assigned shall revert to and become the property of John R. Dawkins."

October 17, 1918, Lewis assigned his interest to McGinley.

On the 8th day of July, 1918, McGinley and Lewis assigned to appellant, by writing—

"in consideration of one dollar and other valuable considerations all their right, title and interest of the original lessee and present owner in and to the said lease and right thereunder in so far as it covers [lands described] together with all personal property used or obtained in connection therewith to Atlantic Oil Producing Company, a corporation and its successors and assigns. And for the same consideration; the undersigned for they and their heirs, successors and representatives, to covenant with the said assignee, its heirs, successors or assigns that they are the lawful owner of the said lease and rights and interests thereunder and of the personal property thereon or used in connection therewith; that the undersigned has good right and authority to sell and convey the same, and that said rights, interest and property are free and clear from all liens and incumbrances, and that all rentals and royalties due and payable thereunder have been duly paid."

The uncontradicted evidence is that $2,000 was paid for this lease by appellant.

October 15, 1919, McGinley executed the following instrument:

"Whereas on the nineteenth day of June, 1918, a certain oil and gas mining lease was made and entered into by and between John R. Dawkins, of Callahan county, Texas, and E. E. McGinley, of Tulsa, Oklahoma, covering, among other lands, the following described tracts of land in Callahan county, Texas [describing the same lands as the first contract copied above between Dawkins and McGinley and Lewis]. Said lease being recorded October 17, 1918, in the Deed Records of Callahan County, Texas; and, whereas, the conditions of drilling on said lease were not carried out by the party of the second part, and the party of the first part, lessor herein, is desirous of securing an assignment to the oil and gas rights on said above described lands: Now, therefore, in consideration of $1.00 to me in hand paid, the receipt of which is hereby acknowledged, I hereby bargain, sell, transfer and convey unto John R. Dawkins all of my right, title and interest in and to said lease and all rights thereunder, together with all personal property obtained in connection therewith, to the said John R. Dawkins, his heirs, successors, and assigns."

The uncontradicted evidence is that a well was started upon the premises, but not completed nor prosecuted in accordance with the provisions of the drilling contract.

Appellee prosecutes this action upon the theory that no such title was vested in McGinley and Lewis by the instruments above quoted as could be assigned by them in view of their failure to comply with, and abandonment of, the contract to drill a well.

Appellant, for defense, pleaded that it purchased the lease from McGinley and Lewis for a valuable consideration without notice of the assignment dated October 15, 1918, which provided for the right to forfeit and relied upon the assignment dated June 19, 1918, and further pleaded as a defense that:

"Plaintiff having undertook to, and did, assist McGinley and Lewis in drilling the well, advanced money to take care of the pay roll and other expenses, he became a partner or jointly interested in the undertaking, and thereby waived any right to declare said contract forfeited on account of the default of McGinley and Lewis."

[1] The appellant, by its brief, presents four assignments numbered fourth and fifth and seventh and eighth. The first two are grouped, and raise the following questions:

"The court erred in rendering judgment for plaintiff because if he had the right to a foreclosure of his lease to McGinley and Lewis it was only by reason of the assignment to them dated October 15, 1918, and it was not in existence July 8, 1918, when the defendant purchased from them. Therefore, having paid a valuable consideration without notice of any right to forfeit by Dawkins, it was an innocent purchaser."

The seventh and eighth, grouped, urge that if Dawkins had the right to forfeit, by reason of any agreements to that effect, he waived the right by advancing money to take care of the pay roll, assisting in the drilling work, etc., thereby becoming jointly interested as a partner.

The writing dated June 19, 1918, executed by John R. Dawkins to A. Lewis and E. E. McGinley, does not in any sense meet the requirements of the law either as a deed or an assignment, but in fact only purports to be a memorandum in writing, designating what the latter, McGinley and Lewis, were to do as a consideration for an assignment theretofore made "of certain oil and gas leases" to lands therein described.

[2] It appears to be a contract entered into following an assignment already made. It reads: "This contract and agreement witnesseth: That the said party of the first part has this day assigned to the said parties of the second part." Only a conveyance in writing, such as complies with article 6824, V. S. Statutes, may be recorded, which contains evidence that the absolute right to the land, and not a chance of title, is sought to be conveyed, will support a plea of innocent purchaser. Holmes v. Johns, 56 Tex. 41. The instrument relied on clearly indicates that the assignment was then in existence, but does not indicate whether it was in writing or verbal, and there is nothing in the record to disclose the facts. A verbal assignment would not support the plea. Aycock v. Kimbrough et al., 71 Tex. 330, 12 S. W. 71, 10 Am. St. Rep. 745; National Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979; Bailey v. Williams, 223 S. W. 311. Is Dawkins estopped or has he waived his right to claim a forfeiture (as urged) by reason of his act of donating $10,600 to assist McGinley and Lewis in their pay roll, etc. In the first place, we fail to see how the fact that Dawkins appropriated this money to assist his immediate assignees to perform the acts which were to be the consideration for the assignment of the lease to them could be construed into a waiver or an estoppel, because it in no sense indicated that appellee would not insist upon the provisions of his written assignment. Nor is there any evidence that it was agreed that appellee would participate in any additional profits arising out of the oil development as a consequence of the contribution which is necessary to constitute a partnership. And again, if it should be construed into a completed copartnership between the appellee and McGinley and Lewis, such an after copartnership agreement could not have the effect of leading appellant into believing that appellee had or would grant any other or further title than that of which they were already apprised and upon which it is now relying.

Finding no error, the assignments are overruled, and cause affirmed.