**TAYLOR et al. v. TURNER. (No. 1210.)**

(Court of Civil Appeals of Texas. El Paso. April 28, 1921. Rehearing Denied May 26, 1921.)

1. **Vendor and purchaser ⬥228(7) — Lessee could not hold minerals in absence of offer to redeem by paying off purchase-money notes.**

One who purchased oil and mineral lease with constructive notice of outstanding purchase-money notes against the land could not hold the minerals in the absence of an offer to redeem by paying off the notes.

2. **Vendor and purchaser ⬥54, 215, 223—Purchaser under executory contract has only equitable title; assignees of option and persons claiming under holder of equitable title not purchasers for value.**

Where the vendor of land, having assigned to T. vendor's lien notes with the lien securing their payment "together with the superior title," acted as T.'s agent in procuring from the purchaser of the land a conveyance by quitclaim to T. in satisfaction of the notes held by T., but the vendor, in fraud of his principal, T., prior to procuring the quitclaim, procured from the purchaser, without any consideration, a gas and oil lease in the name of E., which lease did not convey the minerals in place, but amounted merely to a grant of the right or option to prospect upon the land for oil, gas, and other minerals and to reduce those minerals to possession and ownership, assignees

of this lease could not claim as innocent purchasers, both because they themselves were the assignees, not of an interest in land, but of a mere option, and also because the purchaser under whom they claimed did not have the superior legal title, but merely held under an executory contract, so that his title was equitable.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by C. R. Turner against Jesse W. Taylor and others. Judgment for plaintiff, and defendants appeal. Affirmed.

D. A. Eldridge, of Dallas, Goggans & Leaverton, of Breckenridge, Smith & Woodruff, of Comanche, and L. H. McCrea, of Cisco, for appellants.

Callaway & Callaway, of Comanche, for appellee.

HARPER, C. J. Findings of fact taken from the findings by the trial court such as we deem pertinent to the question for our determination.

J. W. Taylor is the common source of title to the 101 acres of land involved.

Taylor and wife conveyed the land to Jacob Castor by warranty deed April 1, 1915; April 8th filed for record, consideration $800 cash, and five promissory notes, the last, No. 5, for $1,000; vendor's lien retained to secure payment of all the notes.

Taylors assigned in writing February 28, 1916, the fifth, $1,000, note, to Belcher Land Mortgage Company. The writing recites, "sells, assigns, and transfers to said company all his right, title to, and liens on the land," except that he retained a second lien to secure the first-mentioned notes.

Taylors May 1. 1916, assigned to C. R. Turner by writing reciting consideration the other notes with the lien securing the payment of said four notes "together with the superior title in and to the lands in controversy"; filed May 31, 1916.

On March 9, 1918, Jacob Castor executed the following deed to C. R. Turner:

"Quitclaim Deed.

"The State of Texas, County of Comanche.

"Know all men by these presents: That I, Jacob Castor, of the county of Comanche, state of Texas, for and in consideration of the sum of ten and no/100 dollars to me in hand paid by C. R. Turner, of the county of McLennan and state of Texas, the receipt of which is hereby acknowledged, do by these presents bargain, sell, release, and forever quitclaim unto the said C. R. Turner, heirs and assigns, all my right, title, and interest in and unto that tract or parcel of land [then follows description]. To have and to hold all my right, title, interest, estate, and claim in and to the said premises together with all and singular the rights, privileges, and appurtenances to the same in any manner belonging unto the said C. R. Turner and his heirs and assigns forever. Filed for record March 14, 1918, at 8:45 a. m."

The evidence discloses that Turner sent $25 to Taylor to be paid to Castor for the execution of the deed. But the record does not disclose whether it was paid or not. The record further shows that Turner had paid Taylor a valuable consideration for the Castor unpaid purchase-money notes, and was at the time of the execution of the Castor deed to him the legal owner and holder thereof, and that their cancellation was a part of the consideration.

"I find that the plaintiff herein, acting by and through his agent, J. R. Eanes, procured the defendant Jesse W. Taylor, as the agent and representative of the plaintiff, to secure from Jacob Castor, a conveyance of the property involved herein to plaintiff in satisfaction of the notes which the said plaintiff held against said land, and that this was done prior to the time the oil and gas lease involved herein was executed by Jacob Castor to Jno. H. Eaton. I further find that J. R. Eanes, as agent of the plaintiff, prepared a quitclaim deed, which was later executed to the plaintiff by Jacob Castor, as hereinafter shown, and sent same to Jesse W. Taylor, for the said Taylor to procure the signature and acknowledgment of Jacob Castor thereto."

The court found:

"That at the time the quitclaim deed from Castor to Turner, plaintiff herein, was delivered to said Turner he did not have any actual knowledge that Jacob Castor had prior to the date of its execution executed the oil and gas lease to John H. Eaton which is in controversy herein."

The Jacob Castor on January 30, 1918, executed an oil and gas lease to John Eaton for the land; filed for record March 14, 1918, at 8 a. m.

Eaton by writing assigned this lease to W. E. Spencer, dated March 22, 1918; filed for record December 31, 1918, for $1,760 cash.

Spencer assigned a 60-acre interest to R. W. Cummins for $1,350 cash. The latter was acting for the New Dominion Oil & Gas Company in this purchase so transferred to it.

The trial court found that Spencer and the Dominion Oil & Gas Company were purchasers for full value in good faith without any notice of any right, claim, or equity on the part of Turner, further than the instruments on record disclosed.

This suit was brought by Turner against Jesse W. Taylor and W. E. Spencer for cancellation of the lease to the latter.

Spencer answered by general demurrer, general denial, and specially alleged that he was an innocent purchaser from Eaton; that likewise Eaton was an innocent purchaser from Castor, etc.; set up the transfer of the 60-acre interest to Cummins, and also a full compliance with the terms of the lease, etc.

The oil company answered by general demurrer, general denial, and specially set up the lease from Castor to Eaton and the transfer from Eaton to Spencer; the transfer from Spencer of the 60-acre interest to it

through Cummins; that it was an innocent purchaser for value, reciting the facts in detail, and offered to pay' off the purchase-money notes acquired by Turner, plaintiff; by cross-action against Spencer asked judgment for $1,550, the amount it had paid for the lease.

Tried before the court, and judgment for plaintiff against Spencer and the oil company canceling the lease, and for the oil company against Spencer for $1,350 and interest. Judgment of dismissal as to Taylor and Cummins, without prejudice as to any claim they have against Spencer.

Defendant Spencer appeals generally. The oil company appeals from all said judgment except as to the moneyed judgment against Spencer.

The court's conclusion of law No. 1 is:

"I conclude that the defense of innocent purchaser for value paid, without notice of any defects or claims against same, is not available to the defendants, or either of them, herein, under the terms of the lease executed by Jacob Castor in favor of John R. Eaton, and under the facts shown said lease should be canceled as against the defendants herein."

The assignments all attack this conclusion of law, and the propositions assert that defendants are innocent purchasers under the findings of facts: (1) That, the gas lease from Castor to Eaton having been executed and filed for record prior to the execution and record of the quitclaim deed from Castor to appellee, the latter was chargeable with notice of the appellants' rights under the lease.

There is no question of innocent purchaser presented by the above facts applicable to the appellants, because their oil lease was executed prior to the deed from Castor to Turner. The principle of innocent purchaser applies to a person holding a subsequent conveyance without notice of a former. The appellee is the only party to this suit who can invoke the principle. The trial court found that he had no actual notice of the oil lease to Eaton nor of any subsequent transfers down to appellants, and the lease was not recorded at the time Turner purchased the Castor interest; so he is an innocent purchaser if the form of his deed and the attendant circumstances which may be looked to to fix its true character are such as to show that he purchased the absolute right to the land in contradistinction to that of the title or claim of title. Harrison v. Boring, 44 Tex. 263.

We are not called upon to decide whether Turner was an innocent purchaser, because the question is not presented here. The appellants here contend that they are innocent purchasers, but there are no facts upon which they can base the claim; therefore their assignments must be overruled, and cause affirmed.

Justices HIGGINS and WALTHALL concur in affirmance upon the following opinion:

Jesse W. Taylor acted as agent for Turner in procuring from Castor a conveyance of the land to Turner in satisfaction of the purchase-money notes held by Turner. In fraud of his principal Taylor procured from Castor, without any consideration, a mineral lease taking same in the name of John H. Eaton. As against Turner this lease was fraudulent and voidable. The foregoing facts were found by the trial court and are not questioned. Appellants Spencer and the Oil & Gas Company claim the minerals under Eaton and set up that they were innocent purchasers for value.

Spencer and the company purchased with constructive notice of the outstanding purchase-money notes against the land. At most, they would have the right to redeem by paying off the notes. The company asked that it be permitted to redeem. Spencer did not.

[1] In the absence of an offer to redeem Spencer could not hold the minerals. But there are other considerations which preclude Spencer and the oil company from asserting the right and equity of innocent purchasers.

[2] First. The mineral lease to Eaton did not convey the minerals in place, but amounts merely "to a grant of the right or option to prospect upon the land for oil, gas, and other minerals, and to reduce these minerals to possession and ownership." Grubb v. McAfee, 109 Tex. 527, 212 S. W. 464. This being its nature, they cannot claim to be innocent purchasers. Oil & Pipe Line Co. v. Teel, 95 Tex. 591, 68 S. W. 979.

Second. Castor held under an executory contract. His title was equitable. The superior legal title was not vested in him. Since appellants claim under one who did not have the legal title, but merely an equitable estate, they cannot claim the equity of an innocent purchaser. York's Adm'r v. McNutt, 16 Tex. 13, 67 Am. Dec. 607; Oil & Pipe Line Co. v. Teel, supra; Slaughter v. Coke Co., 34 Tex. Civ. App. 598, 79 S. W. 863.

Affirmed.