## STANFIELD v. KAUFMAN.
### No. 4452.

Court of Civil Appeals of Texas. El Paso.
Feb. 28, 1946.

Rehearing Denied March 21, 1946.

S. N. McWhorter, of Weslaco, for appellant.

Strickland, Ewers & Wilkins, of Mission, for appellee.

McGILL, Justice.

Appellee recovered a judgment against appellant for $1000 as damages for breach of an alleged contract for the sale of two twenty-acre tracts of land situated in Hidalgo County, with foreclosure or an attachment lien against the land.

The controlling question presented by this appeal is whether a valid contract of sale was entered into between the parties in view of the Statute of Frauds, Art. 3995, Sec. 3, Vernon's Ann.Civ.St. As constituting such contract appellee relies on a letter dated April 17, 1943, mailed by him to appellant at her home in Attica, Ind., and on a telegram from her dated April 20, 1943, received by him in answer thereto. We quote the material portions of the letter:

"I now have a party who is an agent and he has wired me that if you would be willing to accept $10,600, cash net to you for your grove across from Patterson plus the 20 acres of bare land that you own on Mile 4 and be willing to sign two blank deeds one for each place, he felt that he would buy himself and handle at his leisure time.

"If you will wire me right away that you would be willing to make this deal on this basis, I believe that I could handle these two tracts for you.

"You know you told me that you wanted $10,800 for these two pieces, but just before you left, you said that you would make me a good deal if I was ready to buy before you left.

"Awaiting your advise that this price of $10,600. would be satisfactory, I will immediately advise my party by wire, and I believe make you a deal for all cash."

The telegram relied on was:

"I will accept your offer."

The trial court filed findings of fact and conclusions of law, from which he concluded that appellant understood the letter to contain an individual offer from appellee for the land, which she accepted by her telegram, and that a valid contract of sale and purchase was entered into. The conclusion is erroneous. If it be assumed notwithstanding the explicit terms of the letter that the "party" who was an agent who "felt that he would buy himself" was appellee and that the letter was so understood by appellant, nevertheless

there is no valid contract of sale and purchase. Nowhere in the letter does appellee obligate himself to buy the land or to pay anything for it. The extent of his obligation, which is no obligation at all, is that if appellant will accept $10,600 cash net to her for the land and sign two blank deeds, one for each tract, "he felt that he would buy himself and handle at his leisure time" and "I will immediately advise my party by wire and I believe make you a deal for all cash." It is elementary that a naked agreement by one party to sell land to another in consideration of a stipulated price to be paid therefor which does not obligate the other party to pay the price is void for want of mutuality. National Oil & Pipeline Co. v. Teel, 95 Tex. 586, 68 S.W. 979; 43 Tex.Jur. p. 37, Sec. 19.

On April 23, 1943, appellee wired and wrote appellant that he had placed with him a certified check for $500 as earnest money for one of the tracts, and advised her that the purchaser was Bernt Garllus, of Detroit, Mich. In his letter he suggested that no contract would be necessary, and stated "I will guarantee you the deal will be closed." Appellee contends that this was an acceptance by him of appellant's offer to sell, evidenced by her telegram of April 20th. We overrule this contention. Appellee could hardly consistently accept an offer to sell which he represented had already been accepted by Bernt Garllus, whose obligation to purchase he guaranteed. Furthermore, the deal with Bernt Garllus which appellant "guaranteed" was for only one of the tracts of land at an unspecified price, while the proposition submitted to appellant by the letter of April 17th and which she said she would accept in her wire of April 20th was for the two tracts at the specified price of $10,600.

By his pleading appellee sought in the alternative to recover $1,000 as a commission, alleging that he was at all relevant times a licensed real estate dealer in the state of Texas; that by the letter and telegram above referred to appellant agreed to accept $10,600 cash net to her for the two tracts of land and agreed to pay him as his commission for the pro-

duction and securing of a purchaser ready, able and willing to purchase, all sums in excess of such amount received for said property; that he did procure such purchaser and entered into a contract of sale of one tract for $11,000 and for the other tract for $600, making a total excess of $1,000 above the $10,600 which appellant agreed to accept.

Without passing on the sufficiency of the description it may be conceded that the letter of April 17th and telegram of April 20th were sufficient to constitute a valid listing for sale of the two tracts by appellant with appellee. These instruments evidence no promise or agreement by appellant to pay any commission. In the absence of a written promise or agreement to pay a commission or some written memorandum thereof signed by appellant, appellee can not recover a commission. Art. 6573a, § 22, Vernon's Ann.Civ.St.; Hancock v. Sosbee, Tex.Civ.App., 183 S.W.2d 284, Writ Ref.

The judgment is reversed and rendered.